FILED DATE: 2/18/2020 3:27 PM 2020L001977

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Process Server/Sheriff
MAR 03 2020
SERVED

Summons - Alias Summons  (06/28/18) CCG 0001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Ruth O'Neill

(Name all parties)

v.

Walmart, Inc., & Walmart Associates, Inc.

Case No. 2020L001977

Please serve: Walmart Associates, Inc.
702 SW 8th Street
Bentonville, AR 72716

☑ **SUMMONS**  ☐ **ALIAS SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

Witness: _____

2/18/2020 3:27 PM DOROTHY BROWN

Atty. No.: 34010
Atty Name: McCready, Garcia, & Leet, P.C.
Atty. for: Plaintiff
Address: 111 W. Washington Street, Ste. 1760
City: Chicago    State: IL
Zip: 60602
Telephone: 773-779-9885
Primary Email: service@mccreadylaw.com
Secondary Email: Jess@mccreadylaw.com
Tertiary Email: Gianna@mccreadylaw.com

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois | cookcountyclerkofcourt.org

Page 1 of 2

Exhibit A

FILED DATE: 2/18/2020 3:27 PM 2020L001977

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- ○ Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

- ○ District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

- ○ District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- ○ District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

- ○ District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

- ○ District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

- ○ Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

- ○ Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

- ○ Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

### Daley Center Divisions/Departments

- ○ Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ● Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

FILED
2/18/2020 3:27 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

FILED DATE: 2/18/2020 3:27 PM   2020L001977

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| Ruth O'Neill, | ) |
| Plaintiff, | ) |
| v. | ) No. 2020L001977 |
| Walmart, Inc., & Walmart Associates, Inc., | ) |
| Defendant. | ) |

### COMPLAINT

NOW COMES the Plaintiff, Ruth O'Neill, by and through her attorneys, The Law Offices of McCready, Garcia & Leet, P.C., and in her complaint against the Defendants, Walmart, Inc., and Walmart Associates, Inc., states as follows:

### COUNT I- O'Neill v. Walmart Inc

1. That on or about February 25, 2018, Defendant, WALMART, was a corporation that possessed, operated, managed, maintained and controlled or had a duty to possess, operate, manage, maintain or control, both directly and indirectly, individually and through its agents, servants and employees, the premises located at or near 7050 S Cicero Ave, Bedford Park, State of Illinois.

2. That on or about February 25, 2018, Plaintiff was an intended and permitted user of Defendant's premises located at or near 7050 S Cicero Ave, Bedford Park, State of Illinois.

FILED DATE: 2/18/2020 3:27 PM   2020L001977

3. That on or about February 25, 2018, Plaintiff was legally and lawfully loading her parked car on Defendant's premises when she stepped onto uneven, broken and crumbled asphalt, which caused her to fall and suffer injuries.

4. That on or about February 25, 2018, it was the duty of the Defendant, WALMART, individually and by and through its agents, servants and employees in its behalf to exercise reasonable care and caution in and about the ownership, operation, management, maintenance and control of the aforesaid premises, so that the same would be in good, safe and proper condition for persons legally and lawfully on and upon said area to use and walk upon, and so as not to cause harm and injury to such persons.

5. That on or about February 25, 2018, Defendant, WALMART, well knowing its duty in this regard, carelessly and negligently caused and permitted said premises to become and remain in a dangerous condition for persons using said premises, although the Defendant knew, or in the exercise of ordinary and reasonable care should have known, of said dangerous condition.

6. That on or about February 25, 2018, Defendant, WALMART, individually and by and through its agents, servants and employees in its behalf, was in violation of its duty and then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a. Improperly operated, managed, maintained and controlled the aforesaid premises so that as a direct and proximate result thereof, the Plaintiff was injured;

FILED DATE: 2/18/2020 3:27 PM 2020L001977

    b. Failed to make a reasonable inspection of the aforesaid premises when Defendant knew or should have known, that said inspection was necessary to prevent injury to the Plaintiff and others;

    c. Failed to warn the Plaintiff of the dangerous condition of said premises when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff and others;

    d. Failed to properly barricade and/or block off said premises where the uneven, broken and crumbled asphalt was located, and thus exposing Plaintiff and others to the dangerous condition;

    e. Failed to properly fix the uneven, broken and crumbled asphalt when the Defendant knew or in the exercise of ordinary care should have known that the uneven, broken and crumbled asphalt created a hazardous condition for the Plaintiff;

    f. Was otherwise negligent on the said premises.

7. That on or about February 25, 2018, and as a result of the aforesaid acts and/or omissions of the Defendant, WALMART, the Plaintiff was caused to fall when she stepped onto the uneven, broken and crumbled asphalt.

8. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff then and there sustained severe and permanent injuries, both internally and externally, and will be hindered and prevented from attending to usual duties and affairs and has lost, and will in the future

FILED DATE: 2/18/2020 3:27 PM  2020L001977

lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff prays for judgment against Defendant, WALMART, in a dollar amount that satisfies the jurisdictional limitation of this court and such additional amounts as the jury and Court shall deem proper and, additionally, costs of said suit.

### COUNT II- O'Neill v. Walmart Associates

9. That on or about February 25, 2018, Defendant, WALMART ASSOCIATES, was a corporation that possessed, operated, managed, maintained and controlled or had a duty to possess, operate, manage, maintain or control, both directly and indirectly, individually and through its agents, servants and employees, the premises located at or near 7050 S Cicero Ave, Bedford Park, State of Illinois.

10. That on or about February 25, 2018, Plaintiff was an intended and permitted user of Defendant's premises located at or near 7050 S Cicero Ave, Bedford Park, State of Illinois.

11. That on or about February 25, 2018, Plaintiff was legally and lawfully loading her parked car on Defendant's premises when she stepped onto uneven, broken and crumbled asphalt, which caused her to fall and suffer injuries.

12. That on or about February 25, 2018, it was the duty of the Defendant, WALMART ASSOCIATES, individually and by and through its agents, servants and employees in its

behalf to exercise reasonable care and caution in and about the ownership, operation, management, maintenance and control of the aforesaid premises, so that the same would be in good, safe and proper condition for persons legally and lawfully on and upon said area to use and walk upon, and so as not to cause harm and injury to such persons.

13. That on or about February 25, 2018, Defendant, WALMART ASSOCIATES, well knowing its duty in this regard, carelessly and negligently caused and permitted said premises to become and remain in a dangerous condition for persons using said premises, although the Defendant knew, or in the exercise of ordinary and reasonable care should have known, of said dangerous condition.

14. That on or about February 25, 2018, Defendant, WALMART ASSOCIATES, individually and by and through its agents, servants and employees in its behalf, was in violation of its duty and then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a. Improperly operated, managed, maintained and controlled the aforesaid premises so that as a direct and proximate result thereof, the Plaintiff was injured;

    b. Failed to make a reasonable inspection of the aforesaid premises when Defendant knew or should have known, that said inspection was necessary to prevent injury to the Plaintiff and others;

    c. Failed to warn the Plaintiff of the dangerous condition of said premises when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff and others;

FILED DATE: 2/18/2020 3:27 PM   2020L001977

FILED DATE: 2/18/2020 3:27 PM  2020L001977

    d. Failed to properly barricade and/or block off said premises where the uneven, broken and crumbled asphalt was located, and thus exposing Plaintiff and others to the dangerous condition;

    e. Failed to properly fix the uneven, broken and crumbled asphalt when the Defendant knew or in the exercise of ordinary care should have known that the uneven, broken and crumbled asphalt created a hazardous condition for the Plaintiff;

    f. Was otherwise negligent on the said premises.

15. That on or about February 25, 2018, and as a result of the aforesaid acts and/or omissions of the Defendant, WALMART ASSOCIATES, the Plaintiff was caused to fall when she stepped onto the uneven, broken and crumbled asphalt.

16. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff then and there sustained severe and permanent injuries, both internally and externally, and will be hindered and prevented from attending to usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff prays for judgment against Defendant, WALMART

ASSOCIATES, in a dollar amount that satisfies the jurisdictional limitation of this court and such additional amounts as the jury and Court shall deem proper and, additionally, costs of said suit.

Ruth O'Neill

*Michael P. McCready* (signature)

Michael P. McCready
*Counsel for Plaintiff*

McCready, Garcia & Leet, P.C.
111 W. Washington Street, Ste. 1760
Chicago, IL 60602
t: (773) 779-9885
f: (773) 779-9190
service@McCreadyLaw.com

FILED DATE: 2/18/2020 3:27 PM  2020L001977

FILED DATE: 2/18/2020 3:27 PM  2020L001977

## RULE 222(B) AFFIDAVIT

Michael McCready, having been first duly sworn and upon oath states as follows:

1. I would be competent to testify concerning the matters contained in this affidavit.

2. As attorney for Ruth O'Neill, I have reviewed the facts of this case and have determined that the total amount of money damages sought is greater than $50,000

3. .

Further affiant sayeth naught.

*Michael P. McCready*
_____
Michael P. McCready

[x] Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

*Michael P. McCready*
_____
Michael P. McCready

Page **8** of **8**